Argued and submitted November 30, 2004, affirmed November 9, 2005,
petition for review denied March 21, 2006 (340 Or 308)

## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY EUGENE ROOT,
*Appellant.*

001205; A119585

123 P3d 281

Jennelle M. Barton, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

## DEITS, J. pro tempore

Defendant appeals after being convicted of several counts of manufacture and possession of marijuana, a controlled substance. ORS 475.992(1)(a); ORS 475.992(4)(a). Defendant challenges the trial court's refusal to allow him to rely on the medical use of marijuana as an affirmative defense. ORS 475.319(1).[1] For the reasons explained below, we affirm.

According to defendant's own testimony, he has suffered from a debilitating medical condition since 1986, which causes him to be in "extreme pain and discomfort." He has tried various prescription medications and other treatments to try to alleviate his pain; some of them partially alleviated his pain, but many had undesirable side effects. Defendant moved to Oregon in February 2000, after learning of the passage of the Oregon Medical Marijuana Act (OMMA), ORS 475.300 to 475.346. In March 2000, he visited the Veterans Administration, but he could not get an appointment with a doctor until his medical records were located, which took until the spring of 2001. Defendant lacked the funds to pay a non-VA doctor and was also unable to register for the Oregon Health Plan. On the basis of his own research, and not upon the advice of a physician, defendant started to use marijuana to alleviate his pain.

In June 2000, police searched a travel trailer on defendant's property pursuant to a search warrant. The police seized 40 marijuana plants and more than an ounce of dried marijuana. Defendant was arrested and charged with three counts each of manufacture, delivery, and possession of a controlled substance. In July 2001, defendant first consulted with a doctor who advised defendant that medical marijuana could help him with his condition.

Before trial, defendant filed a notice of intent to raise the "medical marijuana" affirmative defense provided in

---

[1] The 2005 Legislative Assembly amended several provisions of the Oregon Medical Marijuana Act (OMMA). Or Laws 2005, ch 22, §§ 346-348. Those amendments are not effective until January 1, 2006. *See* ORS 171.022 (unless otherwise provided, Acts of the legislature become effective on January 1 of the year after passage). All citations to the OMMA are to the current version.

ORS 475.319(1). The state objected to the defense by way of a motion *in limine,* arguing that defendant did not meet all of the requirements of the "medical marijuana" defense and requesting, *inter alia,* that the court bar defendant from raising the defense at trial. After a hearing, the trial court agreed with the state and granted the state's motion, thereby precluding defendant from raising the "medical marijuana" defense. Defendant was eventually convicted of three counts each of manufacture and possession of a controlled substance.

■  On appeal, defendant asserts that the trial court erred in disallowing the "medical marijuana" affirmative defense. He argues that the trial court misinterpreted the language of ORS 475.319(1). The statute provides:

"Except as provided in ORS 475.316 and 475.342, it is an affirmative defense to a criminal charge of possession or production of marijuana * * * that the person charged with the offense is a person who:

"(a)  Has been diagnosed with a debilitating medical condition within 12 months prior to arrest and been advised by his or her attending physician the medical use of marijuana may mitigate the symptoms or effects of that debilitating medical condition;

"(b)  Is engaged in the medical use of marijuana; and

"(c)  Possesses or produces marijuana only in the amounts allowed in ORS 475.306(1), or in excess of those amounts if the person proves by a preponderance of the evidence that the greater amount is medically necessary as determined by the person's attending physician to mitigate the symptoms or effects of the person's debilitating medical condition."[2]

The trial court concluded that, under the language of ORS 475.319(1)(a), the affirmative defense applied only if defendant had been advised by his attending physician *before his arrest* that marijuana may mitigate the effects or symptoms of defendant's condition.[3] Defendant argues that

---

[2] ORS 475.319(2) clarifies that a person need not have received a registry identification card from the Department of Human Services in order to assert this defense. *See* ORS 475.309(2) (setting out procedures for obtaining a registry identification card). Accordingly, the fact that defendant did not at the time of his arrest possess a registry identification card is not itself fatal to his request to rely on the medical use of marijuana as an affirmative defense.

[3] Specifically the trial court ruled that "for an affirmative defense to exist, * * * it needs to exist as of the date of the arrest or as of the date of the incident."

nothing in the law requires the doctor's advice to occur before arrest, and, therefore, because he now has received the requisite advice from his doctor, he has met the requirements to present the affirmative defense.[4]

■■ The question presented in this case requires us to construe the meaning of a law adopted through initiative, for which *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), provides our template.[5] Our task in construing a law adopted by initiative is to discern the intent of the voters.[6] *State v. Allison*, 143 Or App 241, 244, 923 P2d 1224, *rev den*, 324 Or 487 (1996); *PGE*, 317 Or at 610, 612 n 4. We therefore examine both the text and context of the statute. *Id.* at 610. If the intent is clear from an examination of the text and context of the statute, we need make no further inquiry. *Id.* at 611.

The particular language with which we are concerned provides that "it is an affirmative defense to a criminal charge of possession or production of marijuana * * * that the person charged with the offense is a person who * * * [h]as been diagnosed with a debilitating medical condition within 12 months prior to arrest and been advised by his or her attending physician the medical use of marijuana may mitigate the symptoms or effects of that debilitating medical condition[.]" ORS 475.319(1).

Defendant argues that the language in this provision is specific about the time period for which a defendant must be diagnosed with a debilitating condition, but that the lack of specificity about when a defendant must be advised about the medical use of marijuana indicates that that advice

---

[4] There is also no evidence in the record that, within the 12 months prior to defendant's arrest, a doctor diagnosed defendant with a debilitating condition. However, the state conceded below that the diagnosis requirement in ORS 475.319(1)(a) was met, and we therefore express no opinion on the sufficiency of the evidence in that regard.

[5] "The [*PGE* template] applies, not only to statutes enacted by the legislature, but also to the interpretation of laws and constitutional amendments adopted by initiative[.]" *PGE*, 317 Or at 612 n 4.

[6] After the voters adopted the OMMA in 1998, the legislature added some language to ORS 475.319. Or Laws 1999, ch 825, § 4. To the extent that the language in question was amended by the legislature, we consider the legislature's intent in making those amendments.

could be received at any time. Defendant asserts that "[t]o require that the advice of the 'attending physician' occur prior to the arrest requires the court to insert what the [voters have] omitted."

■ Although defendant is correct that the statute is more specific about the time period for which a defendant must be diagnosed, we believe that there nevertheless is some specificity in the language of the provision with regard to when the attending physician's advice must occur. The provision states that it is an affirmative defense to the charges that defendant "has * * * been advised" regarding the possible beneficial use of medical marijuana for his or her condition. The use of the present perfect tense "has been advised" is significant in determining the voter's intent. In *Martin v. City of Albany*, 320 Or 175, 181, 880 P2d 926 (1994), the Supreme Court said:

> "[W]e do not lightly disregard the legislature's choice of verb tense, because we assume that the legislature's choice is purposeful. In most cases, we best effectuate the legislative intention by giving effect to the plain, natural, and ordinary meaning of the verb tense chosen by the legislature."

The present perfect tense refers to a time in the indefinite past or a past action that comes up to and touches the present. *The Chicago Manual of Style* § 5.119 (15th ed 2003). That past, in the context of this statute, can only mean at the latest some time prior to arrest.

The context of ORS 475.319(1) supports that view. The context of this statute includes ORS 475.300, which provides, in pertinent part:

> "The people of the state of Oregon hereby find that:
>
> "* * * * *
>
> "(2) Oregonians suffering from debilitating medical conditions should be allowed to use small amounts of marijuana without fear of civil or criminal penalties *when* their doctors advise that such use may provide a medical benefit to them and when other reasonable restrictions are met regarding that use[.]"

(Emphasis added.) The people of Oregon used the word "when," which is a word connoting time. *When* the patient

has the advice, the patient need not fear criminal penalties. In other words, the doctor's advice must come *before* a citizen is free to use marijuana without fear of civil or criminal penalties.

Further, the language of ORS 475.319 also indicates that the voters used different verb tenses intentionally to indicate different relative points in time. In paragraph (1)(a), the law provides that the affirmative defense is available if defendant "has been" diagnosed and advised. Paragraph (1)(b) states that the affirmative defense applies if the defendant "is engaged" in the medical use of marijuana. In paragraph (1)(c), the affirmative defense applies if defendant "possesses or produces" a minimum amount of marijuana. Thus, giving effect to all the verb tenses used by the voters, in order to utilize the affirmative defense, a defendant must show that, at the time of arrest, he or she was presently engaged in the medical use of marijuana, was presently possessing or producing a minimum amount of marijuana, had been diagnosed with the debilitating condition, and had been advised by a physician of marijuana's benefits to that condition.

For all of the above reasons, we conclude that, in order for defendant to have availed himself of the "medical marijuana" affirmative defense in ORS 475.319(1), his attending physician's advice regarding the use of medical marijuana had to occur before the incident for which he was arrested. Because defendant has acknowledged that there is no evidence from which one could infer that he received the physician's advice before the incident for which he was arrested, the trial court did not err in barring defendant from raising the affirmative defense in ORS 475.319(1).[7]

Affirmed.

---

[7] The state argues alternatively that defendant was also precluded from using the defense because he possessed more marijuana plants than the OMMA allows. ORS 475.319(1)(c); ORS 475.306(1)(b). In view of our conclusion that the trial court did not err in barring the defense because defendant failed to meet the requirements of ORS 475.319(1)(a), it is unnecessary to address that alternative argument.