## PEOPLE v DIMOSKI

Docket No. 286876. Submitted December 10, 2009, at Detroit. Decided
December 17, 2009, at 9:00 a.m.

Slobodan B. Dimoski pleaded guilty in the Macomb Circuit Court to
a charge of fraudulent use of funds provided under a building
contract in violation of MCL 570.152. The court, Peter J. Maceroni,
J., sentenced defendant to three years' probation and ordered him
to pay restitution of $120,000 to the victim. Defendant subse-
quently moved to reduce the amount of restitution by the amount
of a civil judgment that the victim obtained against him, which he
had not yet paid. The court granted the motion, and the prosecu-
tion appealed by delayed leave granted.

The Court of Appeals *held*:

There is a distinction between the statutory scheme for resti-
tution under the Crime Victim's Rights Act, MCL 780.751 *et seq.*,
and the statutory scheme for civil damages. Restitution is not a
substitute for civil damages, and a civil judgment alone provides no
basis for reducing a restitution award. MCL 780.766 was the
restitution provision of the Crime Victim's Rights Act relied on in
this case. MCL 780.766(2) mandates full restitution. Accordingly,
the trial court erred when it reduced the amount of restitution by
the amount of the unpaid civil judgment. The victim will have the
benefit of both a civil judgment and a restitution order to obtain
monetary relief from defendant. The availability of two methods
does not mean the victim will have a double recovery, but merely
increases the probability that defendant will be forced to pay for
his wrongdoing.

Order reducing restitution reversed in part and case remanded.

CRIMINAL LAW — RESTITUTION — CRIME VICTIM'S RIGHTS ACT — VICTIMS OF CRIME
— CIVIL JUDGMENTS — REDUCTION OF RESTITUTION AMOUNT.

A court may not reduce the amount of restitution a defendant is
ordered to pay a crime victim by the amount of an unpaid civil
judgment the victim obtained against the defendant (MCL
780.766).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Robert Berlin*, Chief Appellate Attorney, and *Margaret DeMuynck*, Assistant Prosecuting Attorney, for the people.

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. The prosecution appeals by delayed leave granted an opinion and order reducing the amount of defendant's court-ordered restitution of $120,000 by the amount of a civil judgment for $104,224.31 that the victim obtained against defendant. We reverse and remand.

I. FACTS

Defendant was charged with fraudulent use of funds provided under a building contract, MCL 570.152, and larceny by conversion of property valued at $20,000 or more, MCL 750.362. Pursuant to a plea agreement reached in March 2005, defendant pleaded guilty to the former charge, and the plea was taken under advisement for 11 months pursuant to MCL 771.1. Defendant was required to make monthly payments on the complainant's mortgage. If he complied, the plea would be vacated and he would be allowed to plead guilty to larceny by conversion of property valued at $200 or more but less than $1,000. However, defendant did not comply, and in September 2007, the trial court set aside the original plea.

On September 14, 2007, defendant pleaded guilty of fraudulent use of funds provided under a building contract, MCL 570.152, and was sentenced to three years' probation. The trial court referred the issue of restitution to a dispute resolution center. The victim,

Zora Radosavac, and defendant agreed that defendant would pay restitution of $120,000, with a payment plan to be determined by the trial court. The mediation agreement was "incorporated as Restitution Order."

Defendant later moved to reduce the amount of his restitution. In defendant's brief in the trial court, he argued that the amount of restitution should be reduced by $104,224.31, the amount of a civil judgment that the complainant had obtained against him, and further reduced by the amounts of other payments he had made that are not pertinent to this appeal, leaving a balance of $2,775.69. He argued that failure to reduce the restitution order would result in a windfall for the complainant.

The prosecution disagreed with defendant's request for credit for the civil judgment and argued that the law established the victim's right to restitution. According to the prosecution, a civil judgment should not be construed as a waiver of the mandated right to restitution.

The trial court agreed with defendant and granted his motion to reduce the amount of his restitution because, it concluded, the "directive [in MCL 780.766(8)] is clear."

## II. STANDARD OF REVIEW

This Court generally reviews an order of restitution for an abuse of discretion. *People v Cross*, 281 Mich App 737, 739; 760 NW2d 314 (2008); *In re McEvoy*, 267 Mich App 55, 59; 704 NW2d 78 (2005). But when the question of restitution involves a matter of statutory interpretation, the issue is reviewed de novo as a question of law. *Cross*, 281 Mich App at 739; *In re McEvoy*, 267 Mich App at 59.

III. ANALYSIS

The prosecution argues that the trial court erred in reducing the amount of restitution defendant was ordered to pay by the amount of a civil judgment that the complainant had obtained against defendant. We agree. This issue is one of first impression.

The trial court relied on MCL 780.766(2), (8), (9), and (13), which provide:

> (2) Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. . . .
>
> \* \* \*
>
> (8) The court shall order restitution to the crime victim services commission or to any individuals, partnerships, corporations, associations, governmental entities, or other legal entities that have compensated the victim or the victim's estate for a loss incurred by the victim to the extent of the compensation paid for that loss. The court shall also order restitution for the costs of services provided to persons or entities that have provided services to the victim as a result of the crime. Services that are subject to restitution under this subsection include, but are not limited to, shelter, food, clothing, and transportation. However, an order of restitution shall require that all restitution to a victim or victim's estate under the order be made before any restitution to any other person or entity under that order is made. *The court shall not order restitution to be paid to a victim or victim's estate if the victim or victim's estate has received or is to receive compensation for that loss*, and the court shall state on the record with specificity the reasons for its action.

(9) *Any amount paid to a victim or victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the victim's estate* in any federal or state civil proceeding and shall reduce the amount payable to a victim or a victim's estate by an award from the crime victim services commission made after an order of restitution under this section.

*     *     *

(13) An order of restitution entered under this section remains effective until it is satisfied in full. An order of restitution is a judgment and lien against all property of the defendant for the amount specified in the order of restitution. The lien may be recorded as provided by law. An order of restitution may be enforced by the prosecuting attorney, a victim, a victim's estate, or any other person or entity named in the order to receive the restitution in the same manner as a judgment in a civil action or a lien. [Emphasis added.]

The trial court focused on the emphasized portion of subsection (8), although it mistakenly attributed the quotation to subsection (9). The court stated:

Under these circumstances, the Court is guided by the instruction of (8), (9), and (13) relative to the amount to be received under the civil judgment. Insofar as the prior judgment was entered by a colleague of this Court, it strikes the Court as entirely duplicative to, in effect, compensate the victim twice for the harm inflicted, *Bell*[1] notwithstanding. As emphasized above, the court "shall not order restitution to be paid to a victim . . . if the victim . . . has received **or is to receive compensation for that loss.**" MCL 780.766(9) [sic]. Hence, the directive is clear. The prosecutor does agree, and the Court hereby orders, that the $120,000.00 amount should also be reduced by three $1,000.00 mortgage payments that defen-

---

[1] *People v Bell*, 276 Mich App 342; 741 NW2d 57 (2007).

dant made on the victim's behalf, as well as by $10,000 he already paid to the victim. Accordingly, the amount of restitution shall be offset by the amount to the prior judgment entered ($104,224.31) . . . .

In *In re McEvoy*, 267 Mich App at 66-67, this Court recognized the distinction between the statutory schemes for restitution and civil damages. A minor admitted several charges against him for vandalizing a school. The trial court ordered his parents to pay restitution to the insurer that paid for the damage. On appeal, the parents argued in part that the parental liability statute, MCL 600.2913, which limited their liability in a civil action to $2,500, should apply to their liability for the restitution ordered under the juvenile code, MCL 712A.1 *et seq*.[2] This Court disagreed and explained that the setoff provisions in MCL 780.794(9) and MCL 712A.30(9), which are the same as that in MCL 780.766(9),

clearly recognize[] that the statutory scheme for restitution is separate and independent of any damages that may be sought in a civil proceeding. This Court has repeatedly recognized that restitution is not a substitute for civil damages. *People v Orweller*, 197 Mich App 136, 140; 494 NW2d 753 (1992); *People v Tyler*, 188 Mich App 83, 89; 468 NW2d 537 (1991). Accordingly, we conclude that the juvenile code does not limit the amount of restitution for which a supervisory parent may be held liable. [*In re McEvoy*, 267 Mich App at 67.]

Although the issue in that case was different than the issue before the Court in this matter, the recognition of the distinction between the statutory schemes for restitution and damages sought in a civil proceeding is instructive.

---

[2] The statutory scheme for restitution in the juvenile code is the same as that in the Crime Victim's Rights Act. *In re McEvoy*, 267 Mich App at 63.

Because the trial court's decision was premised on MCL 780.766(8), we find helpful a discussion of the purposes of the predecessor of this provision originally enacted in 1985 PA 87, which was then located at MCL 780.766(10) and provided:

·   The court shall not order restitution with respect to a loss for which the victim or victim's estate has received or is to receive compensation, including insurance, except that the court may, in the interest of justice, order restitution to the crime victims compensation board or to any person who has compensated the victim or victim's estate for such a loss to the extent that the crime victims compensation board or the person paid the compensation. An order of restitution shall require that all restitution to a victim or victim's estate under the order be made before any restitution to any other person under that order is made.

In *People v Washpun*, 175 Mich App 420, 425-426; 438 NW2d 305 (1989), this Court explained the two purposes of the provision as follows:

Two purposes behind the Legislature's inclusion of [MCL 780.766(10)] may be fairly readily discerned. One apparent legislative intent behind subsection (10) is to avoid ordering restitution which would doubly compensate a victim. The abhorrence of double compensation is well established in our jurisprudence. The Legislature wanted to place the financial burden of crime on the criminal, while fully, but not overly, compensating the victim and reimbursing any third party, such as an insurer, who compensated the victim on an interim basis. . . .

* * *

The second principal effect of subsection (10) would seem to be to prevent application of the "collateral source doctrine" to crime victims' restitution situations. Without such a statutory directive, the victim could recoup damages from the criminal without regard to previous payment

from insurance companies or other ancillary sources. By enacting subsection (10), the Legislature limits restitution to those who have losses which are, as of the time restitution is paid, *still* out of pocket. [Citations omitted.]

Like the present case, *United States v Bramson*, unpublished opinion of the United States Court of Appeals for the Fourth Circuit, decided February 24, 1997 (Docket No. 96-4151); 107 F3d 868 (CA 4, 1997),[3] cert den 521 US 1127 (1997), involved the effect of an unpaid civil judgment on an order of restitution. The defendant was convicted of money laundering and ordered to make restitution in the amount of $3.6 million. After he was sentenced, the victim obtained a civil judgment against him for $35.6 million in damages for insurance fraud. The defendant argued that he was entitled to have the restitution order modified by reducing the restitution amount by the amount of the unpaid civil judgment in order to comply with 18 USC 3663(e)(1). The court disagreed, stating:

[J]ust because the victims have a valid district court judgment does not mean that they will receive compensation. The 'is to receive' language in 18 U.S.C. § 3663(e)(1) requires actual receipt or certainty regarding receipt. Mere speculation that a victim will receive compensation is insufficient to require a modification of a restitution award. [*Bramson*, unpub op at 4.]

The court noted that the authorities cited by the defendant concerned amounts that were actually recovered from a civil action, not amounts that may potentially be recovered. "Thus, the civil judgment alone provides no basis for reduction in the restitution award." *Id.* The court also explained the practical

---

[3] The disposition is reflected in a table. The text of the unpublished decision is available on Westlaw and Lexis.

benefit of allowing an order of restitution as a means of recovery in addition to a civil judgment:

> In addition, restitution is appropriate in the instant case despite the civil order because it is more likely that money will be recovered as a result of the restitution order. As a practical matter, restitution is much more easily collected by probation officials than by private citizens with a civil judgment, since probation officials are in a far better position to monitor the Appellant's financial status. [*Id.* at 5 n 2.]

In light of the recognized distinction between the statutory scheme for restitution and civil damages, *In re McEvoy*, 267 Mich App at 67, and the statutory mandate for "full restitution," MCL 780.766(2), we hold that the trial court erred in reducing the amount of restitution by the amount of the unpaid civil judgment. Although the victim will have the benefit of both a civil judgment and a restitution order to obtain monetary relief from the defendant, the availability of two methods does not mean that the victim will have a double recovery, but merely increases the probability that the perpetrator of a crime will be forced to pay for the wrongdoing committed.

We reverse the trial court's order to the extent that it reduced the amount of restitution by the amount of the unpaid civil judgment and remand for proceedings consistent with this opinion. We do not retain jurisdiction.