*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 11, 2022

Plaintiff-Appellee,

v

No. 357479
Otsego Circuit Court
LC No. 21-018485-AR

LEE THOMAS LARGE,

Defendant-Appellant.

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Defendant Lee Thomas Large crashed his car into the victims' home while driving under the influence of alcohol, extensively damaging the home and necessitating a complete rebuild. As part of his sentence following a guilty plea to operating a motor vehicle while intoxicated (OWI), MCL 257.625(1), the district court ordered that Large pay $105,808.50 in restitution. Large challenges several of the district court's factual findings and legal determinations on appeal. For the reasons set forth below, we vacate the district court's restitution order and remand this matter for a new hearing to allow the court to properly calculate the amount of restitution under MCL 780.826(3)(b), and to determine whether restitution should be awarded for any additional losses the victims incurred under MCL 780.826(2).

## I. BACKGROUND

On June 1, 2020, Large, while under the influence of alcohol, crashed his pickup truck into the victims' home, causing severe damage. The victims' insurance company informed them that it would be less expensive to tear down and replace the home than to repair it. The victims' insurance company gave them $268,752 to demolish and rebuild their home, but the actual cost to do so fell between $373,648 and $375,348. Thus, the difference between the actual cost to demolish and rebuild the home and the amount of money provided by the victims' insurance company was between $104,896 and $106,596.

At a restitution hearing, Large argued that the district court did not have statutory authority to award *any* restitution to the victims because they had already received compensation from their insurance company. The district court disagreed, concluding that the victims were entitled to full

-1-

compensation and that the statute merely prohibited double compensation; here, the victims were not fully compensated by insurance, so they had a statutory right to restitution to cover the gap between the insurance proceeds and the cost of rebuilding the home.

Large also argued that the proper measure to determine a restitution award was the fair market value of the victims' home and that replacement value was the proper measure only if fair market value could not be determined. Large offered several figures to calculate the fair market value, including Internet valuations and comparable home listings. The prosecutor asserted that the fair market value could not be determined since the victims' home was destroyed and requested that the district court use the replacement value when ordering restitution. The district court ruled that replacement value was the appropriate measure of restitution in this case, finding that the home's fair market value could not be determined.

Considering the evidence presented from the victims about the costs to replace their home, the district court ordered Large to pay $105,808.50 in restitution to the victims, which represented a shortfall between the replacement costs and the insurance proceeds. The circuit court denied Large's application for leave to appeal the restitution award, but we granted his application for leave to appeal the circuit court's order.[1]

## II. STANDARDS OF REVIEW

We review a trial court's decision to order restitution for an abuse of discretion, and factual findings underlying a restitution order for clear error. *People v Lee*, 314 Mich App 266, 272; 886 NW2d 185 (2016). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes or when the trial court commits an error of law. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). Clear error exists when a reviewing court "is left with the definite and firm conviction that a mistake has been made." *Lee*, 314 Mich App at 272 (quotation marks and citation omitted). "But when the question of restitution involves a matter of statutory interpretation, the issue is reviewed de novo as a question of law." *People v Dimoski*, 286 Mich App 474, 476; 780 NW2d 896 (2009). De novo review means that "we review the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

## III. RESTITUTION

On appeal, Large argues that (1) the district court did not have the authority to award restitution in this case, and (2) even if it did have the authority to award restitution, the district court erred by failing to determine the value of the property at the time of sentencing and reducing the overall restitution award by that amount, (3) erred by finding that the fair market value of the home could not be determined, and (4) erred by rendering a decision in this case without allowing the parties to obtain an appraisal of the property. We address these issues below.

---

[1] *People v Large*, unpublished order of the Court of Appeals, entered November 1, 2021 (Docket No. 357479).

## A. STATUTORY AUTHORITY TO AWARD RESTITUTION

Large initially argues that the district court erred by finding that restitution was statutorily permitted. Under Large's interpretation of the restitution statute, the victims were not entitled to restitution because they had received compensation from other sources—i.e., their insurance company.

The Michigan Constitution specifically endows crime victims with a right to restitution. Const 1963, art 1, § 24. In addition, the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, provides crime victims with a statutory right to restitution. MCL 780.826 of the CVRA governs the awarding of restitution in cases involving certain OWI offenses. See MCL 780.811(1)(a)(*xiv*).[2]

The CVRA should be liberally construed to effectuate the remedial intent of the statute. *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012). "The purpose of restitution laws is to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." *People v Castillo*, 337 Mich App 298, 313; 975 NW2d 94 (2021) (quotation marks and citation omitted). In furtherance of that statutory purpose, MCL 780.826(2) provides that, upon conviction of a qualifying misdemeanor offense, the sentencing court "shall order" that the defendant make "full restitution to any victim of the defendant's course of conduct that gives rise to the conviction." Our Supreme Court has explained that "the plain meaning of the word 'full' " [in the CVRA] is 'complete; entire; maximum.' " *People v Garrison*, 495 Mich 362, 368; 852 NW2d 45 (2014) (citation omitted). Accordingly, the statutory directive for full restitution should be understood as imposing "a duty on sentencing courts to order defendants to pay restitution that is maximal and complete." *Id*.

The statutory requirement that sentencing courts award "full restitution" is subject to an exception in MCL 780.826(8), which provides that "[t]he court shall not order restitution be paid to a victim or victim's estate if the victim or victim's estate has received or is to receive

---

[2] Article 3 of the CVRA, which includes MCL 780.826, defines "[d]efendant" as "a person charged with or convicted of having committed a *serious misdemeanor* against a victim." MCL 780.811(1)(c) (emphasis added). "Serious misdemeanor" is defined to include OWI offenses "if the violation involves an accident resulting in damage to another individual's property . . . ." MCL 780.811(a)(*xiv*). Large's OWI conviction, MCL 257.625(1), was a misdemeanor, MCL 257.625(9)(a), and it resulted in damage to the victims' property. Therefore, the district court was required to apply MCL 780.826 to determine restitution. See *People v Castillo*, 337 Mich App 298, 308; 975 NW2d 94 (2021). Throughout the briefing, Large incorrectly cites MCL 780.766 as the governing statutory provision for restitution in this case, but that statute applies to restitution in felony cases. *Id*. at 303 n 3. This citation error does not affect our analysis, however, as MCL 780.766 and MCL 780.826 are virtually identical. Compare MCL 780.766(2) with MCL 780.826(2); and MCL 780.766(8), with MCL 780.826(8). See also *In re James*, 492 Mich 553, 561 n 13; 821 NW2d 144 (2012) (indicating that inadvertent citation to the felony restitution provision rather than the misdemeanor restitution provision did not affect the analysis or result because the two statutes are virtually identical).

compensation for that loss." Large insists that this language in MCL 780.826(8) precludes an order of restitution if the victim has received any compensation for the loss from some outside source. But this view is not supported by caselaw.

Although we have not directly addressed the application of the exception in MCL 780.826(8), we have addressed the application of the virtually identical exception in MCL 780.766(8). Our interpretation of MCL 780.766(8) is therefore relevant in interpreting MCL 780.826(8). See *In re James*, 492 Mich 553, 561 n 13; 821 NW2d 144 (2012). MCL 780.766(8) has two purposes: (1) "to avoid ordering restitution which would doubly compensate a victim," and (2) "to prevent application of the 'collateral source doctrine' to crime victims' restitution situations," such that restitution is limited to only "those who have losses which are, as of the time restitution is paid, *still* out of pocket." *Lee*, 314 Mich App at 277 (quotation marks and citations omitted). As a result, "[t]he amount of restitution to be paid by a defendant must be based on the actual loss suffered by the victim, not the amount paid by an insurer or other entity." *People v Bell*, 276 Mich App 342, 346-347; 741 NW2d 57 (2007). Thus, if a victim has out-of-pocket losses after receiving compensation from another source, the victim may still recover from the defendant in order to achieve "full" restitution, so long as there is no double recovery. See MCL 780.826(8); *Lee*, 314 Mich App at 277.

The district court did not err by determining that full restitution was required under MCL 780.826(8). Because the victims had out-of-pocket losses after receiving compensation from their insurance company, the statute allowed the victims to be fully compensated for their losses, provided they did not receive double compensation. Large argues that the Legislature's exclusion of the word "full" in MCL 780.826(8) indicates it intended to limit restitution to only those who received no compensation from other sources. This interpretation would defeat the CVRA's purpose of ensuring that victims are fairly compensated. *People v Gubachy*, 272 Mich App 706, 712; 728 NW2d 891 (2006). It is also inconsistent with the language of the CVRA that the court shall order "full" restitution. MCL 780.826(2). Further, Large's argument would lead to absurd results, which the CVRA should be construed to avoid. See *People v Reed*, 294 Mich App 78, 84; 819 NW2d 3 (2011).[3] Under Large's theory—as Large's counsel confirmed at the restitution hearing—if the victims had received only $1,000 from their insurance company, they would not be permitted under MCL 780.826(8) to obtain *any* additional restitution. Given the Legislature's intent to require full and fair compensation of victims through restitution, the absurd results that Large's interpretation would cause further counsel against adopting his argument. Therefore, the district court correctly determined that MCL 780.826(8) authorizes a restitution award to a victim

---

[3] The "absurd result rule" may be applied only where there is some ambiguity in the statutory language or possibly where the Legislature could not have intended the result. See *Rodriguez v Hirschberg Acceptance Corp*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356368); slip op at 3. We disagree with Large that the relevant statutory language is entirely unambiguous, and in any event, statutory language must be read in context and "words must be assigned meanings that are in harmony with the whole of the statute." *Honigman Miller Schwartz & Cohn LLP v Detroit*, 505 Mich 284, 317 n 32; 952 NW2d 358 (2020). Under the circumstances, we conclude that application of the "absurd result rule" is appropriate.

who already received compensation from another source if this other compensation did not completely cover the victim's out-of-pocket losses.

## B. MEASURING RESTITUTION

Next, Large argues that the district court erred by failing to accurately calculate the amount of restitution and by concluding that the fair market value of the victims' home could not be calculated. Specifically, Large contends that the statute requires that the district court (1) determine whether the fair market value of the property was greater on the date of damage, loss, or destruction, or on the date of sentencing; (2) determine the current value of the property; and (3) subtract the fair market value of the property from its current value.

"When determining the amount of restitution to award a victim, the focus is consistently not on what a defendant took, but what a victim lost because of the defendant's criminal activity." *In re White*, 330 Mich App 476, 483; 948 NW2d 643 (2019) (quotation marks and citation omitted). The prosecution bears the burden of establishing the amount of restitution by a preponderance of the evidence. MCL 780.767(4).[4] The CVRA bases the value of lost or damaged property on its fair market value, MCL 780.826(3)(b), which has been defined as "the amount of money that a ready, willing, and able buyer would pay for the asset on the open market." *White*, 330 Mich at 483 (quotation marks, citation, and alteration omitted). The amount of compensation awarded can amount to more than simply returning lost or stolen property, or repairing damaged property. See *id*. at 483-484. Restitution can also be awarded for other types of losses "to make victims as whole as they can be and to fully compensate them for their losses." *Id*. at 484.

MCL 780.826 sets forth specific procedures for calculating restitution when property is damaged or destroyed:

> (3) If a misdemeanor results in damage to or loss or destruction of property of a victim of the misdemeanor or results in the seizure or impoundment of property of a victim of the misdemeanor, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:
>
> (a) Return the property to the owner of the property or to a person designated by the owner.
>
> (b) If return of the property under subdivision (a) is impossible, impractical, or inadequate, pay an amount equal to the greater of subparagraph (*i*) or (*ii*), less the value, determined as of the date the property is returned, of that property or any part of the property that is returned:

---

[4] MCL 780.767(4) applies to felony convictions. There is no applicable statute establishing the evidentiary standard required for restitution in misdemeanor cases under Article 3 of the CVRA. Based on the similarities between the statutes, we conclude that the same preponderance of the evidence standard applies to misdemeanor and felony convictions. See *James*, 492 Mich at 561 n 13.

(*i*) The fair market value of the property on the date of the damage, loss, or destruction. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

(*ii*) The fair market value of the property on the date of sentencing. However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value.

Large initially argues that the victims' property still had value at the time of the sentencing—namely, the value of the land—and therefore the trial court erred by failing to determine the property's value at the time of sentencing, and to reduce the restitution award by this amount. Contrary to Large's argument, however, the home was demolished and could not be *returned* to the victims under MCL 780.826(3)(a). Therefore, although the district court had to proceed under MCL 780.326(3)(b), subdivision (b)'s requirement that the total restitution must be decreased by the value of the property returned is not applicable here. Under the plain language of MCL 780.826(3)(b), to calculate the appropriate amount of restitution in this case, the district court was initially required to (1) determine the property's fair market value at both the time of the incident and the date of sentencing, and if the fair market value at each moment in time could not be determined, calculate the replacement cost, MCL 780.826(3)(b)(*i*) and (*ii*); and (2) compare these two amounts to determine which is greater, MCL 780.826(3)(b).

The district court abused its discretion when it committed an error of law by failing to follow the plain language of MCL 780.826(3)(b). See *Duncan*, 494 Mich at 723. The district court failed to determine on the record whether the value of the home was higher on the date of loss, or whether, assuming the home was still standing, the value would have been greater at the date of sentencing. That is, the district court did not indicate whether it was proceeding under subparagraph (*i*) or (*ii*) when calculating the award of restitution. Instead, the district court summarily stated that it did not believe that the fair market value could be determined. The district court also did not state whether the fair market value could not be ascertained on the date of the loss, the date of sentencing, or on both dates. Further, when calculating the replacement value of the home, the district court failed to specify whether it was considering the replacement value at the time of the incident or at the time of sentencing in making this determination.[5] Therefore, because the district court was statutorily obligated to follow the above steps in calculating

---

[5] Some record evidence suggests that the district court proceeded under subparagraph (b)(*ii*) and considered the replacement value of the home at the time of sentencing. For instance, the parties focused at the restitution hearing on the increase in home values following the date of the loss and the inability to obtain a home appraisal given the destruction of the home. Overall, however, the district court's legal conclusions were unclear and its comments on the record were limited. Rather than speculate about the district court's determinations, we believe it is appropriate for the district court, on remand, to clearly follow the statutory framework under MCL 780.826 for calculating an award of restitution.

restitution under MCL 780.826(3)(b), the district court made an error of law and abused its discretion.

In addition, we are left with a definite and firm conviction that the district court erred when it found that the fair market value of the home could not be determined. At the restitution hearing, the district court summarily asserted that the fair market value could not be ascertained, without providing any basis for its conclusion. Yet there was sufficient evidence introduced by the parties to allow the district court to calculate the home's fair market value on the date of sentencing. The victims' insurer prepared a valuation report that provided a cash value of the home at or around the time of the loss, and no contrary evidence was presented refuting this report. The district court also heard evidence regarding the average increase of home values in the area from the date of the incident to the date of sentencing. The fair market value of the home at the time of sentencing could have been estimated, for example, by increasing the value of the home in the valuation report by the average increase of home prices in the area. Large also introduced evidence of estimates of the home value published by Zillow and Realtor.com and values of what Large believed to be comparable homes in the area.

While we recognize that the district court's calculation was likely more difficult than in most restitution cases, given the unusual circumstances and higher-dollar amounts of this case, the record contained sufficient evidence and figures that the district court could have used to make a reasonable determination of fair market value. "[T]he plain language of the CVRA instructs sentencing courts that the standard to be applied when calculating a restitution amount is simply one of reasonableness." *People v Corbin*, 312 Mich App 352, 365; 880 NW2d 2 (2015). The district court was not required to calculate its restitution award with "absolute precision, mathematical certainty, or a crystal ball," nor could it award speculative losses. *Id*. Instead, "[w]here the evidence provides a reasonably certain factual foundation for a restitution amount, the statutory standard is met." *Id*. Absent evidence demonstrating that the values presented at the restitution hearing were speculative, the fair market value of the home could have been calculated by the district court with a "reasonably certain factual foundation." *Id*. Further, because the average home prices increased in the area from the time of the incident to the time of sentencing, the fair market value of the home was likely larger at the time of sentencing than at the time of the incident, and as a result, under subparagraph (*ii*), the fair market value of the home at the time of sentencing should have been used to calculate restitution. Therefore, considering all of the evidence presented, we conclude that the district court clearly erred when it found that the home's fair market value could not be determined.

If on remand the trial court determines that the fair market value of the home at the time of sentencing amounted to less than the victims' insurance payout, the victims may still be entitled to additional restitution occasioned by losses beyond the home's fair market value. Under MCL 780.826(2), the trial court must order "full restitution" for all losses that the victims sustained as a result of the defendant's conduct, subject to the exception in MCL 780.826(8). Thus, although MCL 780.826(3) limits the victims' award to the greater of the home's fair market value on either the date of the crash or the date of sentencing, MCL 780.826(2) allows for an additional award if necessary to make "full restitution." Specifically, MCL 780.826(2) provides that "the court shall order, in addition to or in lieu of any other penalty authorized by law or *in addition to any other penalty required by law*, that defendant make *full restitution* to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." (Emphasis added.) In other

words, to the extent that the cost to repair the home exceeded the fair market value of the home at the time of sentencing, the difference may be compensable under MCL 780.826(2). See *Gubachy*, 272 Mich App at 713 (stating "the Legislature has clearly manifested an intent to make victims of a crime as whole as they can fairly be made"). On remand, the trial court must follow the statutory framework for determining an award of restitution, and after calculating the fair market value, may order additional restitution, as legally appropriate, to fully compensate the victims for their losses directly arising out of Large's conduct.[6]

## IV. CONCLUSION

The district court abused its discretion and committed an error of law by failing to follow the plain language of MCL 780.826(3)(b) when calculating restitution. Further, the district court clearly erred by finding that the fair market value of the home could not be determined because there was sufficient evidence presented to establish the fair market value of the home at the time of sentencing. Therefore, we vacate the district court's restitution order and remand this matter for a new hearing to order restitution under MCL 780.826(3)(b), and to determine whether additional restitution should be awarded to provide full compensation for other losses incurred by the victims. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett

---

[6] Large also argues that the district court erred by determining that the fair market value of the home could not be determined without allowing Large to obtain additional proofs. Given our resolution of the case, it is unnecessary to address this issue. The parties will have an opportunity to present additional proofs on remand. Furthermore, as the parties discussed before the district court, if Large's insurer has paid any money toward the victims' replacement home during the pendency of this appeal, Large would certainly be entitled to credit against his total amount of restitution.