PEOPLE v TED ANDERSON (ON REMAND)

Docket No. 300641. Submitted August 15, 2012, at Lansing. Decided
September 18, 2012, at 9:00 a.m.

Ted A. Anderson was charged with manufacturing less than 5
kilograms or fewer than 20 plants of marijuana, MCL 333.7401(1)
and (2)(d)(*iii*), after the police discovered marijuana plants and
plant material in his home in June 2009. Defendant moved in the
Kalamazoo Circuit Court for dismissal of the charge, citing the
affirmative defense provided by § 8 of the Michigan Medical
Marihuana Act (MMMA), MCL 333.26428(a)(2). The court, J.
Richardson Johnson, J., denied the motion, concluding that defen-
dant had failed to establish the elements of a § 8 defense, and
further ruled that because of that failure defendant would not be
able to present a § 8 defense at his trial. The Court of Appeals,
HOEKSTRA, P.J., and MURRAY and M. J. KELLY, JJ., affirmed the trial
court's order denying defendant's dismissal motion, concluding
that the court properly precluded him from presenting a § 8
defense. 293 Mich App 33 (2011). In lieu of granting defendant's
application for leave to appeal, the Supreme Court vacated the
Court of Appeals' judgment and remanded this case to the Court of
Appeals for reconsideration in light of *People v Kolanek*, 491 Mich
382 (2012). 491 Mich 851 (2012).

On remand, the Court of Appeals *held*:

To assert a valid § 8 affirmative defense, MCL 333.26428(a)(2),
under the MMMA, MCL 333.26421 *et seq.*, a defendant does not
have to satisfy the requirements of § 4 of the MMMA, MCL
333.26424, which provides immunity from prosecution. A § 8
defense must be raised by the defendant in a pretrial motion for an
evidentiary hearing and the defendant bears the burden at the
hearing of establishing each of the elements in § 8(a). Without
weighing the evidence, assessing credibility, or resolving factual
disputes at the hearing, the trial court must dismiss the charges if
after the hearing the court concludes that the defendant has made
a prima facie showing as to the elements in § 8(a) and that there
are no material factual disputes on those elements. Alternatively,
if the defendant fails to establish one or more elements of the

§ 8(a) defense at the hearing, the trial court must deny the defendant's motion for dismissal and the defendant is prohibited from presenting a § 8 defense at trial. However, if the defendant presents sufficient evidence to establish each of the elements of a § 8 defense but there are material questions of fact on one or more elements, then the trial court must deny the motion to dismiss and the affirmative defense must be submitted to the jury. The Court of Appeals reviews the evidence de novo to determine whether the trial court properly granted or denied the defendant's motion to dismiss under § 8. The court did not err when it determined that, to the extent that defendant failed to present sufficient evidence to establish his § 8 defense, he would be unable to present that defense at trial. However, the court did err when it determined that the requirements of § 4 were applicable to the level of proof required for establishing the affirmative defense under § 8. Defendant was not required to prove that his plants were kept in an enclosed, locked facility. The court erroneously determined that the amount of plants and plant material stated in § 4 as reasonable altered defendant's burden of proof under § 8. The court erroneously assessed the weight and credibility of defendant's evidence and erroneously resolved factual disputes. A new evidentiary hearing in the trial court was necessary because the parties' decisions were made on the basis of the mistaken assumption that the court had authority to assess the weight and credibility of the evidence and to make findings of fact.

Trial court order vacated and case remanded for further proceedings.

CONTROLLED SUBSTANCES — MARIJUANA — MEDICAL MARIJUANA — CRIMINAL DEFENSES — EVIDENTIARY HEARINGS — DISMISSAL OF CHARGES.

To assert a valid § 8 affirmative defense, MCL 333.26428(a)(2), under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, a defendant does not have to satisfy the requirements of § 4 of the MMMA, MCL 333.26424, which provides immunity from prosecution; a § 8 defense must be raised by the defendant in a pretrial motion for an evidentiary hearing and the defendant bears the burden at the hearing of establishing each of the elements in § 8(a); without weighing the evidence, assessing credibility, or resolving factual disputes at the hearing, the trial court must dismiss the charges if after the hearing the court concludes that the defendant has made a prima facie showing as to the elements in § 8(a) and that there are no material factual disputes on those elements; alternatively, if the defendant fails to establish one or more elements of the § 8(a) defense at the hearing, the trial court must deny the defendant's motion for dismissal and

the defendant is prohibited from presenting a § 8 defense at trial; however, if the defendant presents sufficient evidence to establish each of the elements of a § 8 defense, but there are material questions of fact on one or more elements, then the trial court must deny the motion to dismiss and the affirmative defense must be submitted to the jury; the Court of Appeals reviews the evidence de novo to determine whether the trial court properly granted or denied the defendant's motion to dismiss under § 8.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jeffrey R. Fink*, Prosecuting Attorney, and *Cheri L. Bruinsma*, Assistant Prosecuting Attorney, for the people.

*John Targowski* for defendant.

ON REMAND

Before: HOEKSTRA, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM. Defendant Ted Allen Anderson's interlocutory appeal is before this Court again on remand from our Supreme Court. See *People v Anderson*, 492 Mich 851 (2012). In his original appeal to this Court, Anderson argued that the trial court erred in two respects: (1) that it erred when it required him to present expert testimony to establish the "reasonableness of the amount of plant material" that he had possessed for purposes of qualifying for the affirmative defense provided under § 8 of Michigan's Medical Marihuana Act,[1] MCL 333.26428(a)(2), and (2) that it erred when it determined that he could not present a § 8 defense at trial because he had failed to establish the elements of that defense at his § 8 hearing. As more

---

[1] We note that the Legislature used the spelling "marihuana" in the statute; however, this Court uses the more common spelling, "marijuana," in its opinions.

fully explained below, we conclude that the trial court erred in the conduct of Anderson's § 8 hearing. Nevertheless, because the trial court and parties did not have the benefit of our Supreme Court's recent decision in *People v Kolanek*, 491 Mich 382; 817 NW2d 528 (2012) when conducting the hearing, and because there was considerable confusion about the elements applicable to a § 8 defense, we conclude that the proper remedy is to remand this matter to the trial court for a new hearing. For that reason, we vacate the trial court's opinion and order denying Anderson's motion for dismissal under § 8 and remand for a new hearing in accord with our Supreme Court's decision in *Kolanek* and this opinion.

### I. BASIC FACTS

Anderson was arrested after police officers discovered marijuana plants and plant material in his home in June 2009. *People v Anderson*, 293 Mich App 33, 39-40; 809 NW2d 176 (2011) (M. J. KELLY, J., concurring), vacated 491 Mich 851 (2012). The prosecutor charged him with manufacturing less than 5 kilograms or fewer than 20 plants of marijuana, MCL 333.7401(1) and (2)(d)(*iii*), and the district court bound Anderson over for trial in March 2010. *Id.* at 41. In April 2010, Anderson moved for dismissal of the charge under § 8 of the Medical Marijuana Act. *Id.* at 41-42.

After a hearing, the trial court determined that Anderson had not established the elements of a § 8 defense and denied his motion. *Id.* at 42. Moreover, it determined that because Anderson failed to establish the elements of his defense at the hearing, he would not be able to present a § 8 defense at his trial. *Id.* In August 2010, the trial court entered an order denying Anderson's motion to dismiss and precluded him from offering a § 8 defense at trial. *Id.* Anderson then applied

for leave to appeal to this Court and asked this Court to stay the lower court proceedings, which requests this Court granted. *Id.*

On appeal, Anderson argued that the trial court improperly required him to prove through expert testimony that the amount of marijuana plants and plant material that he had possessed was reasonably necessary to ensure the uninterrupted availability of marijuana to treat his back pain. He also argued that the trial court erred when it precluded him from presenting a § 8 defense at his trial. This Court determined that the trial court did not err when it denied Anderson's motion to dismiss and did not err when it precluded him from presenting his § 8 defense at trial. For those reasons, we affirmed the trial court's order denying Anderson's motion and precluding him from presenting a §8 defense at trial. *Id.* at 35 (opinion of the court).

Anderson appealed to our Supreme Court and it held this Court's judgment in abeyance pending its decision in *Kolanek*. After the Supreme Court issued its opinion, it again considered Anderson's appeal and, in lieu of granting leave, it vacated this Court's judgment and remanded the case for reconsideration in light of its decision in *Kolanek*. *Anderson*, 492 Mich at 851.

## II. THE AFFIRMATIVE DEFENSE UNDER § 8

### A. STANDARD OF REVIEW

Anderson argues that the trial court erred by requiring him to establish through an expert that the amount of marijuana that he had possessed was reasonably necessary and by precluding him from presenting a § 8 defense at trial on the basis of his failure to establish his defense at the hearing. This Court reviews de novo whether the trial court properly interpreted and applied

the Medical Marijuana Act. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

### B. *PEOPLE v KOLANEK*

In *Kolanek*, our Supreme Court clarified the nature and scope of the Medical Marihuana Act's immunity provision provided under § 4, MCL 333.26424, and the affirmative defense provided under § 8, MCL 333.26428. *Kolanek*, 491 Mich at 394-397. Specifically, the Court examined whether a "defendant must satisfy the requirements of § 4 in order to have a valid defense under § 8." *Id.* at 399. And, on the basis of the plain language of the statute, it concluded that the requirements stated under § 4 do not apply to the affirmative defense provided under § 8. *Id.* at 401-402. Because a defendant does not have to meet the requirements stated under § 4 to assert a defense under § 8, our Supreme Court reversed this Court's decision to the contrary in *People v King*, 291 Mich App 503; 804 NW2d 911 (2011). *Kolanek*, 491 Mich at 403-404.

After concluding that the requirements stated under § 4 do not apply to the defense provided under § 8, our Supreme Court turned to the procedure for asserting a § 8 defense. The Court first concluded that the § 8 defense "cannot be asserted for the first time at trial"; rather, in order to properly raise such a defense, the defendant must raise it in "a pretrial motion for an evidentiary hearing." *Id.* at 411. At the evidentiary hearing, the defendant bears the burden of presenting evidence to establish each of the elements stated under § 8(a). *Kolanek*, 491 Mich at 412-413, 415-416; see also MCL 333.26428(a).

If, after presenting his or her evidence at the hearing, the trial court concludes that the defendant has made a prima facie showing as to the elements stated under

§ 8(a) and that there are no material factual disputes on those elements, the trial court must dismiss the charges. *Kolanek*, 491 Mich at 412, citing MCL 333.26428(b). If, however, the defendant fails to establish one or more elements of the § 8 defense at the hearing, the trial court must deny the defendant's motion for dismissal and "the defendant cannot assert § 8(a) as a defense at trial." *Id.* Finally, if the defendant presents sufficient evidence to establish each of the elements of a § 8 defense at the hearing, but there are material questions of fact on one or more elements, then the trial court must deny the motion to dismiss and the defense must be submitted to the jury. *Id.*

As explained in *Kolanek*, the trial court's role at the evidentiary hearing is limited: it must determine whether the defendant has presented sufficient evidence from which a reasonable jury could conclude that the defendant established the elements of his or her § 8 defense and then determine, given the evidence presented at the hearing, if there is a material factual dispute concerning one or more of those elements. *Id.* at 411-413. The trial court may not weigh the evidence, assess credibility, or resolve factual disputes at the hearing. *Id.* at 411 ("Questions of fact are the province of the jury, while questions of law are reserved to the courts."). Rather, the trial court must determine—as a matter of law—if the defendant established his or her right to have the charges dismissed under § 8, or if there are material factual disputes that must be resolved by a jury. *Id.* at 411-413. Similarly, when reviewing a trial court's decision after such a hearing, this Court must review the evidence de novo to determine whether the trial court properly granted or denied the defendant's motion to dismiss under § 8. See *Anderson*, 293 Mich App at 60 (M. J. KELLY, J., concurring).

C. ANDERSON'S EVIDENTIARY HEARING

At his hearing, Anderson presented evidence from his physician describing the nature and background of his back condition and how she had treated his back condition over a lengthy period of time. His physician also testified that she had told Anderson that he might benefit from the use of marijuana to treat his back condition. Anderson testified about his efforts to cultivate marijuana and said that he had cultivated the plants and plant material found in his home in order to treat his back pain. He also testified about his use of marijuana and stated that the amount that he had on hand was less than a three-month supply, which his physician testified was a reasonable amount to have.

After the close of proofs, Anderson's trial lawyer argued that the undisputed evidence established that Anderson's physician had told him that he might receive a therapeutic benefit from the use of marijuana to treat his back condition, and that she had made that statement as part of a bona fide physician-patient relationship. He also argued that Anderson's physician's testimony that a three-month supply would be reasonable, when combined with Anderson's testimony about the amount of plant material that he typically consumed in order to relieve his pain, established that the amount that he had used to treat his condition was reasonably necessary.

The prosecutor argued that Anderson had failed to establish his defense. Specifically, he maintained that Anderson's physician's testimony that she had told Anderson that marijuana would benefit him prior to his arrest was not credible because she had not documented the advice. He also argued that the amount of plant material found in Anderson's home was evidence that he had more than was reasonably necessary.

The trial court issued its opinion and order in August 2010. It found that Anderson possessed more than was reasonably necessary because the amount he possessed was more than the amounts provided under § 4 and he otherwise failed to show that "his condition was so unique he needed to grow and use more than that." In addition, the trial court found that the plants were not in an enclosed locked facility as required under § 4. On the basis of these findings, the trial court denied Anderson's motion and precluded Anderson from pursuing a § 8 defense at trial.

### D. APPLICATION OF THE LAW

The trial court did not err when it determined that, to the extent that Anderson failed to present sufficient evidence to establish his § 8 defense, he would be unable to present that defense at trial. *Kolanek*, 491 Mich at 412-413, citing *People v Reed*, 294 Mich App 78, 86; 819 NW2d 3 (2011) and *Anderson*, 293 Mich App at 65 (M. J. KELLY, J., concurring). However, the trial court erred when it determined that the provisions of § 4 applied to the affirmative defense stated under § 8. *Kolanek*, 491 Mich at 403. Hence, Anderson did not have to prove that his plants were kept in an enclosed, locked facility. See 333.26424(a). For the same reason, the trial court erred to the extent that it determined that the amounts stated under § 4 altered Anderson's burden of proof under § 8. The trial court also erred by assessing the weight and credibility to be given Anderson's evidence and by resolving any factual disputes. *Kolanek*, 491 Mich at 411. The trial court's sole function at the hearing was to assess the evidence to determine whether, as a matter of law, Anderson presented sufficient evidence to establish a prima facie defense under § 8 and, if he did, whether

there were any material factual disputes on the elements of that defense that must be resolved by the jury. *Id.* at 412-413.

Having concluded that the trial court erred,[2] we nevertheless decline to review de novo the evidence presented at the hearing to determine whether Anderson established his defense. It is clear that both Anderson's lawyer and the prosecutor presented their proofs on the mistaken assumption that the trial court had the authority to assess the weight and credibility of the evidence and make findings of fact. This mistaken assumption likely affected the parties' decisions in preparing and presenting their cases to the trial court at the hearing. In addition, although the issue of expert testimony came up at the evidentiary hearing, the trial court's rulings on that issue were not clear; it did not directly rule on the evidentiary matters—matters that are traditionally committed to the discretion of the trial court—and on whether it was necessary for either party to support or contest a particular element with expert testimony. The parties, for that reason, did not have an adequate opportunity to offer testimony on the various witnesses' expert qualifications, if any. Given the limited value of the existing record, we elect to exercise our discretion to "grant further or different relief as the case may require," MCR 7.216(A)(7), and remand this case to the trial court for a new evidentiary hearing.

### III. CONCLUSION

In the interests of justice and because we conclude that this Court will benefit from the development of a

---

[2] We, however, commend the trial court for its efforts on these difficult issues. The record shows that the trial court took care to ensure that the parties had a full and fair opportunity to present their positions on § 8 and thoughtfully examined and applied the provisions of the Medical Marihuana Act in reaching its decision.

full record in any future appeal, we vacate the trial court's August 2010 opinion and order denying Anderson's motion to dismiss and remand this matter to the trial court to conduct a new § 8 evidentiary hearing consistent with this opinion and our Supreme Court's decision in *Kolanek*.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

HOEKSTRA, P.J., and MURRAY and M. J. KELLY, JJ., concurred.