# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID JAMES OVERHOLT,

Defendant-Appellant.

UNPUBLISHED
August 16, 2018

No. 340393
Montcalm Circuit Court
LC No. 2017-022741-FH

Before: SAWYER, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant, in this interlocutory appeal, appeals the trial court's order denying his motion to assert an affirmative defense under MCL 333.26428, known as the § 8 defense, of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. We reverse the trial court's order and remand for further proceedings.

Defendant used medical marijuana to treat his neck and back pain from an injury that happened while he was in the military. Defendant was his own caregiver under the MMMA. Defendant grew marijuana in his backyard, which he then processed into an oil that he ingested in pill or capsule form as his medication. Defendant's marijuana growing operation consisted of eight separate "growing pens." Each pen was fully enclosed with sides and a roof, had individual locks, and was affixed to the ground. Defendant claimed that one pen was his, three pens were leased to other growers, and the other four pens belonged to defendant's wife, who was a caregiver under the MMMA for other medical marijuana patients.

In October 2016, law enforcement officers conducted a search of defendant's house and property. In the backyard, officers observed one open pen. Officers seized six marijuana plants from the open pen, which they determined belonged to Robin. Officers also searched defendant's basement, and they seized an additional 5.4 pounds of marijuana from that area. Defendant admitted that the marijuana in the basement was his. He denied that the marijuana in the basement came from anyone else's pens, only from his own pen. Defendant claimed that the marijuana that was seized from the basement was to be used solely by him to make oil for his personal, medicinal use.

Defendant first argues on appeal that the trial court erred in denying his motion to assert a § 8 affirmative defense under the MMMA because he presented a prima facie case of each

-1-

element of the defense and there were genuine issues of fact that remained after the hearing. We agree.

We review de novo whether the trial court properly interpreted and applied the MMMA. *People v Anderson (On Remand)*, 298 Mich App 10, 14-15; 825 NW2d 641 (2012). A trial court's decision as to whether defendant was entitled to assert the § 8 affirmative defense is reviewed for an abuse of discretion, and the trial court's findings of fact in support of its decision are reviewed for clear error. See *People v Tuttle*, 304 Mich App 72, 80; 850 NW2d 484 (2014), rev'd in part on other grounds by *People v Hartwick*, 498 Mich 192 (2015). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003).

Defendant moved to assert the affirmative defense under § 8(a) of the MMMA, which states in relevant part:

> (a) Except as provided in section 7(b), a patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana, and this defense shall be presumed valid where the evidence shows that:

> (1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

> (2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

> (3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.

The Michigan Supreme Court in *People v Kolanek*, 491 Mich 382, 412; 817 NW2d 528 (2012), outlined the dispositional options for a trial court after a § 8 evidentiary hearing:

Thus, if a defendant raises a § 8 defense, there are no material questions of fact, and the defendant "shows the elements listed in subsection (a)," then the defendant is entitled to dismissal of the charges following the evidentiary hearing. Alternatively, *if a defendant establishes a prima facie case for this affirmative defense by presenting evidence on all the elements listed in subsection (a) but material questions of fact exist, then dismissal of the charges is not appropriate and the defense must be submitted to the jury.* Conflicting evidence, for example, may be produced regarding the existence of a bona fide doctor-patient relationship or whether the amount of marijuana possessed was reasonable. Finally, if there are no material questions of fact and the defendant has not shown the elements listed in subsection (a), the defendant is not entitled to dismissal of the charges and the defendant cannot assert § 8(a) as a defense at trial. [Emphasis added.]

Defendant bears the burden of proof at the evidentiary hearing. *Anderson (On Remand)*, 298 Mich App at 15. Defendant can make a prima facie case by presenting *some* evidence on each element of the § 8 defense. *People v Crawford*, 232 Mich App 608, 619; 591 NW2d 669 (1998); see also *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014). A material question of fact exists when reasonable minds might differ on an issue. *West v GMC*, 469 Mich 177, 183; 665 NW2d 468 (2003).

In this appeal, the issue is with the trial court's findings regarding § 8(a)(3).[1] The trial court found, based substantially on testimonies from law enforcement officers, that defendant was not engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marijuana relating solely to defendant's use to alleviate the symptoms of his medical condition. Its reasoning was based on the testimonial evidence that defendant or people associated with the marijuana grown on defendant's property may have been selling their overages to dispensaries in violation of the MMMA. We agree that the act of selling overages to dispensaries is not an act of acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marijuana to treat or alleviate defendant's medical condition. However, defendant specifically denied selling overages to dispensaries. Defendant testified that he did not have any overages because all of the marijuana that he grew was used to produce the oil that he ingested as his medication. The fact that the officers testified that defendant was selling his overages to dispensaries, but defendant testified to the exact opposite, indicates that there was a material question of fact as to whether defendant was compliant with subsection (a)(3) of § 8. That is, reasonable jurors could differ as to the facts of the purpose for defendant's acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marijuana.

---

[1] The trial court determined that defendant met his burden regarding § 8(a)(1) and that § 8(a)(2) was a question for the jury.

Additionally, in *Anderson (On Remand)*, 298 Mich App at 16, we provided guidance as to the trial court's role at the § 8 evidentiary hearing:

> [T]he trial court's role at the evidentiary hearing is limited: it must determine whether the defendant has presented sufficient evidence from which a reasonable jury could conclude that the defendant established the elements of his or her § 8 defense and then determine, given the evidence presented at the hearing, if there is a material factual dispute concerning one or more of those elements. *The trial court may not weigh the evidence, assess credibility, or resolve factual disputes at the hearing.* Rather, the trial court must determine—as a matter of law—if the defendant established his or her right to have the charges dismissed under § 8, or if there are material factual disputes that must be resolved by a jury. [Emphasis added; citations and parenthetical quotations omitted.]

By deciding that defendant engaged in behavior for a purpose other than treating his medical condition, despite some evidence to the contrary, the trial court discounted defendant's testimony and supported the police officers'. Therefore, under *Anderson (On Remand)*, we conclude that the trial court violated its limited role at the evidentiary hearing by improperly judging the credibility of the witnesses and weighing the evidence.

Accordingly, we hold that the trial court abused its discretion in denying defendant's motion to present a § 8 affirmative defense because defendant presented a prima facie case on each element the defense, there were material issues of fact to be submitted to the jury, and the trial court improperly judged the credibility of the witnesses and weighed the evidence. And, in light of this conclusion, we need not address defendant's *corpus delicti* argument.

Defendant next argues on appeal that the trial court clearly erred by imputing the actions of third parties to defendant for the purpose of defeating the § 8 affirmative defense. We agree.

The MMMA was the result of a voter initiative, and therefore, our goal is to determine and give effect to the electorate's intent, rather than the Legislature's, as reflected in the language of the statute itself. *Kolanek*, 491 Mich at 397. We must give the words of the MMMA their ordinary and plain meaning as would have been understood by the electorate. *Id*.

The trial court found that defendant had possession and control of the marijuana in the pens that he leased to other people. It also determined that those other people were selling marijuana to dispensaries, which was conduct that would fall outside of the MMMA's protections. The trial court thus imputed the actions of third parties to defendant in concluding that defendant engaged in behavior not protected by the MMMA. The plain language of § 8(a)(3) makes clear that the focus is on the behavior of the patient and the patient's caregiver. Defendant was his own caregiver, and therefore, according to the MMMA, the focus should have solely been on defendant's behavior. The investigating detective admitted that he did not have defendant attempt to open or unlock the remaining seven pens, and he did not know if defendant actually had access to any of those pens. Moreover, defendant specifically denied having access or anything to do with the pens that he leased to other growers. We conclude that the trial court clearly erred in finding that defendant had possession and control over all of the marijuana

grown on his property, and thus imputing the behavior of third parties to him, because there was a material issue of fact as to whether defendant did in fact exercise such possession and control. Therefore, the issue should have been submitted to the jury.

We reverse the trial court's order denying defendant's motion to present a § 8 affirmative defense to the jury and remand for further proceedings. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola