# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARTER TOWNSHIP OF YPSILANTI,

Plaintiff-Appellant,

v

JUDITH PONTIUS,

Defendant-Appellee.

UNPUBLISHED
October 30, 2018

No. 340487
Washtenaw Circuit Court
LC No. 16-000800-CZ

---

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Plaintiff, Charter Township of Ypsilanti, appeals as of right from the trial court's order declaring plaintiff's zoning ordinance in conflict with the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, and, therefore, preempted by the MMMA. The trial court held that plaintiff's zoning ordinance was void and unenforceable to the extent that it prohibited registered primary caregivers who complied with the MMMA from growing medical marijuana[1] in residential districts for their qualified patients. We affirm.

## I. BACKGROUND

Under the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, plaintiff adopted zoning ordinance regulations specifying that medical marijuana dispensaries and medical marijuana nurseries were prohibited as "home occupations" in single-family residential districts. Ypsilanti Code §§ 401(6)(c)(7) and (8).[2] Relevant to this appeal, the zoning code provided the following definitions:

---

[1] Although the spelling "marihuana" is used throughout the MMMA and Ypsilanti Zoning Code, "this Court uses the more common spelling, 'marijuana,' in its opinions," *People v Anderson (On Remand)*, 298 Mich App 10, 12 n 1; 825 NW2d 641 (2012), unless quoting legislative sources.

[2] We note that the Ypsilanti zoning code was substantially amended by Ypsilanti Ordinance No. 2018-476, effective March 1, 2018. See Ypsilanti Ordinance No. 2018-476, available at <https://library.municode.com/mi/ypsilanti_charter_township,_(washtenaw_co.)/ordinances/code

*Home occupation*: An occupation carried on by an occupant of a dwelling unit as a secondary use which is clearly subservient to the use of the dwelling for residential purposes.

\* \* \*

*Medical marihuana dispensary*: Any structure used for dispensing marihuana by a primary caregiver or caregivers to one or more qualifying patient(s). A medical marihuana dispensary does not include a qualifying patient's residence if the marihuana transferred is exclusively for the qualifying patient's use.

*Medical marihuana nursery*: Any structure which is used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, producing, processing, preparing, packaging, repackaging, or storing medical marihuana for one or more qualifying patients. A medical marihuana nursery does not include a qualifying patient's residence if the marihuana is exclusively for the qualifying patient's use. [Ypsilanti Code § 201.]

Although plaintiff's zoning code did not permit a medical marijuana dispensary or nursery in a residentially zoned district, such uses were permitted in districts zoned for light industrial use, subject to special conditions. Ypsilanti Code § 1402(8).

Plaintiff's zoning code provides civil penalties for violations as follows:

Any person, firm or corporation violating any provision of this ordinance shall be responsible for a civil infraction and shall be subject to a fine as follows:

(1) The fine for any first violation shall be $100.00;

(2) The fine for any violation which the violator has, within the past two years, been found in violation of once before, shall be $250.00;

---

_of_ordinances?nodeId=881651> (accessed October 24, 2018). Although the code has been largely reorganized, the substance of the relevant provisions remains the same. See current Ypsilanti Zoning Code §§ 201 (defining relevant terms), 306(3) (providing schedule of uses for residential districts), 306(6) (providing schedule of uses for industrial districts), 1802(c)(7) (prohibiting medical marihuana dispensaries as home occupations), and 1802(c)(8) (prohibiting medical marihuana nurseries as home occupations), 1841 (stating specific use conditions applicable to medical marihuana dispensaries and nurseries), and 3100 through 3103 (providing penalties for violations of zoning code). All citations to the Ypsilanti zoning code in the body of this opinion refer to the relevant provisions as codified before the 2018 amendment.

(3) The fine for any violation which the violator has, within the past two years, been found in violation of twice before, shall be $500.00. [Ypsilanti Code § 3100.]

In addition, property uses in violation of plaintiff's zoning code could be declared a public nuisance that could be abated by order of any court of competent jurisdiction. Ypsilanti Code § 3101. Under §§ 3102 and 3103, owners of properties that violated plaintiff's zoning use restrictions were subject to fines that were imposed for each day that a violation occurred.

Plaintiff initiated this action for declaratory and injunctive relief against defendant, Judith Pontius, a registered medical marijuana primary caregiver and qualified patient, to abate a public nuisance at her residential property located within the township, alleging that she grew medical marijuana in her basement for her registered qualified patients. According to plaintiff, its zoning code permitted caregivers who were also patients to cultivate medical marijuana in their homes for their personal use, but they could not do so as a "home occupation" for any of their patients.

Both parties moved for summary disposition. Plaintiff argued that, under the MZEA, it was allowed to limit the areas in which caregivers may cultivate medical marijuana for their qualified patients and that its home occupation ordinance did not conflict with the MMMA and, therefore, was not preempted by it. Plaintiff asserted that defendant could not rely on the MMMA's immunity provision because she was operating a commercial medical marijuana operation at her residence, a location it could regulate. Defendant, on the other hand, argued that plaintiff's prohibition of rights and privileges she had under the MMMA as a registered primary caregiver directly conflicted with the MMMA and, therefore, the relevant zoning code provisions were void and unenforceable against her. She also asserted immunity under § 4 of the MMMA. See MCL 333.26424(b). The trial court agreed with defendant and granted summary disposition in her favor. Plaintiff now appeals.

## II. STANDARD OF REVIEW

We review a trial court's ruling regarding a motion for summary disposition de novo to determine whether the movant was entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8) and (10).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based upon the pleadings alone. *Id*. at 119-120. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. at 119. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted).

A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). In reviewing a motion for summary disposition under MCR 2.116(C)(10), the court considers the pleadings, affidavits, and other documentary evidence filed in the action or submitted by the parties in the light most favorable to the nonmoving party. *Id*. The motion is

properly granted if "there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 454-455.

We review de novo questions of statutory interpretation. *Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). "Whether a state statute preempts a local ordinance is a question of statutory interpretation and, therefore, a question of law that we review de novo." *Ter Beek v City of Wyoming*, 297 Mich App 446, 452; 823 NW2d 864 (2012), aff'd 495 Mich 1 (2014).

### III.  ANALYSIS

Plaintiff argues that the MMMA does not preempt its zoning ordinance because the ordinance does not conflict with the MMMA. Plaintiff also argues that defendant lacks immunity under MCL 333.26424(b). We disagree.

The precise issue presented in this case was recently decided by another panel of this Court in *Deruiter v Byron Twp*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 338972). The defendant township in *Deruiter* adopted zoning ordinance regulations that limited the locations in which a registered caregiver could engage in MMMA-compliant activities and provided penalties for ordinance violations. *Id*. at ___; slip op at 1. Specifically, registered caregivers could engage in the medical use of marijuana as a "home occupation," but were prohibited from such activities in commercial properties. *Id*. Much like plaintiff asserts in this case, the defendant argued that its zoning ordinance was not preempted by the MMMA because it merely restricted the location in which MMMA-compliant activities could occur without prohibiting the activities allowed by the MMMA in their entirety. *Id*. at ___; slip op at 2. This Court rejected the defendant township's position, concluding that

> the MMMA permits medical use of marijuana, particularly the cultivation of marijuana by registered caregivers, at locations regardless of land use zoning designations as long as the activity occurs within the statutorily specified enclosed, locked facility.[3] No provision in the MMMA authorizes municipalities to restrict the location of MMMA-compliant medical use of marijuana by caregivers. Neither does the MMMA authorize municipalities to adopt ordinances restricting MMMA-compliant conduct to home occupations in residential locations. So long as caregivers conduct their medical marijuana activities in compliance with the MMMA and cultivate medical marijuana in an "enclosed, locked facility" as defined by MCL 333.26423(d) and do not violate

---

[3] The MMMA grants immunity from arrest, prosecution, or penalty in any manner to registered primary caregivers who "possess 2.5 ounces of usable marijuana for each qualifying patient and cultivate 12 marijuana plants for each qualifying patient in an enclosed, locked facility." *Deruiter*, ___ Mich App at ___; slip op at 3, citing MCL 333.26424(b).

MCL 333.26427(b)'s location prohibitions,[4] such conduct complies with the MMMA and cannot be restricted or penalized. [*Id*. at ___; slip op at 5.]

Accordingly, the Court held that the defendant's zoning ordinance was in direct conflict with, and therefore preempted by, the MMMA because the "prohibition against noncommercial medical use of marijuana by a caregiver within a commercial building effectively denied plaintiff, as a registered caregiver, the rights and privileges that MCL 333.26424(b) permits in conjunction with MCL 333.26423(d)." *Id*. at ___; slip op at 6.

The holding in *Deruiter* is directly on point and dispositive of the issue presented in this case. Just like the ordinance at issue in *Deruiter*, plaintiff's zoning code attempts to prohibit what the MMMA allows: cultivation and dispensing of medical marijuana as a "home occupation" in a residentially zoned district, regardless of whether the caregiver's activities comply with the MMMA's requirements. Also like the ordinance at issue in *Deruiter*, plaintiff's zoning code imposes fines and penalties for ordinance violations, contrary to the MMMA's immunity provisions. See MCL 333.26424. Consequently, as plaintiff's counsel acknowledged at oral argument, we are bound by the holding in *Deruiter*, see MCR 7.215(J)(1), and must conclude that plaintiff's zoning ordinance is preempted by the MMMA because it is in direct conflict with the rights the MMMA grants to individuals engaging in MMMA-compliant activities.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica

---

[4] MCL 333.26427(b) prohibits certain types of MMMA activities from taking place in specified locations. For instance, the MMMA does not permit possession or medical use of marijuana—which includes cultivation, see MCL 333.26423(h)—in a school bus, on school grounds, or in a correctional facility. MCL 333.26427(b)(1) through (3). Notably, the location limitations set forth in MCL 333.26427(b) do not restrict MMMA-compliant cultivation of marijuana by a caregiver based upon the zoning of the real property on which the activities take place.