# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JONATHON ALAN JASZCZOLT,

      Defendant-Appellant.

UNPUBLISHED
November 1, 2018

No. 336131
Oakland Circuit Court
LC No. 2014-249810-FH

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant, Jonathon Alan Jaszczolt, appeals as on leave granted[1] an order denying his motion to dismiss under the Michigan Medical Marihuana[2] Act (MMMA), MCL 333.26421 *et seq*.[3] The prosecutor charged defendant with manufacturing 20 or more but fewer than 200 marijuana plants, MCL 333.7401(2)(d)(*ii*); possessing a firearm during the commission of a felony, MCL 750.227b; and possessing with intent to deliver 5 kilograms or more but fewer than 45 kilograms of marijuana, MCL 333.7401(2)(d)(*ii*). Defendant presently argues that the trial court erred by denying the motion to dismiss and disallowing the presentation of a § 8 defense at trial despite his alleged presentation of evidence of each element of a § 8 defense under MCL 333.26428(a). We affirm.

---

[1] This Court initially denied defendant's application for leave to appeal. *People v Jaszczolt*, unpublished order of the Court of Appeals, entered February 2, 2017 (Docket No. 336131). Defendant sought leave to appeal in the Supreme Court. In lieu of granting defendant's application, the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Jaszczolt*, 501 Mich 943; 904 NW2d 622 (2017).

[2] Although the spelling "marihuana" is used throughout the MMMA, "this Court uses the more common spelling, 'marijuana,' in its opinions." *People v Anderson (On Remand)*, 298 Mich App 10, 12 n 1; 825 NW2d 641 (2012). We will use this Court's preferred spelling unless quoting material that includes the legislative spelling.

[3] Defendant argued, as an alternative to dismissal, that the trial court allow defendant to present at trial an affirmative defense under MCL 333.26428. The trial court disallowed this alternative.

The Oakland County Sheriff's Office began investigating defendant's activities in January 2014 and effectuated a traffic stop of defendant in February of that year, finding in defendant's vehicle approximately 20 ounces of marijuana divided between two gallon-sized bags. A search executed at defendant's residence resulted in the finding of an assault-style shotgun, several garbage bags containing 8.69 pounds of usable marijuana, additional marijuana in various locations, various paraphernalia, 47 marijuana plants with roots, and 41 "clones" without roots.

The trial court originally found that defendant was not entitled to a § 8 defense because defendant admitted that he was transferring some of the marijuana to a non-patient third party for the purported purpose of making marijuana "butter." This Court denied leave to appeal this ruling, but the Supreme Court remanded the case to us, directing us to remand the case to the trial court for further findings. *People v Jaszczolt*, 501 Mich 943; 904 NW2d 622 (2017). The Supreme Court stated: "A single act by the defendant that is outside the parameters of the MMMA does not per se taint all of the defendant's marijuana-related conduct." *Id*. at 944.

While retaining jurisdiction, we directed the trial court to "make written findings of fact and conclusions of law relating to the three charges against defendant, including any necessary conclusions as to application of the retroactive amendments to the Michigan Medical Marihuana Act, MCL 333.26421 *et seq*., in 2016 PA 281-283, to any of the defendant's marijuana-related conduct, including but not limited to defendant's claim that he planned to transfer a portion of the marijuana in his possession to a third-party to make a 'marihuana-infused product.' " *People v Jaszczolt*, unpublished order of the Court of Appeals, entered January 25, 2018 (Docket No. 336131) (citations omitted).

The trial court, on remand, found that defendant had not satisfied his burden of presenting prima facie evidence of each element of a §8 defense. The court explained:

> The registered patients saw the doctor only once and for a limited time. There was nothing presented that the doctor had reviewed the patients' relevant medical records. There was nothing presented to demonstrate that the doctor has a reasonable expectation of providing follow-up care to the patients. Thus, the record simply does not reflect sufficient evidence to permit the affirmative defense to be presented to the jury.
>
> Additionally, while Defendant testified he had enough to satisfy the needs of his patients, this is not the proper question. The proper question was whether Defendant had no more than reasonably necessary to satisfy the needs of his patients. [MCL 333.26428(a)(2).] Since Defendant failed to address this issue, he is not entitled to present the affirmative defense under §8.

The trial court did not address the effect of the amendments, implicitly concluding that they were irrelevant because of defendant's failure to establish the basic elements of a § 8 defense.

Defendant argues that the trial court erred by denying his motion because defendant possessed marijuana for the medical benefit of himself and of patients—Regina Jaszczolt,

Stefani Jaszczolt, and Larry Brevich—and presented sufficient proof concerning each element of a § 8 defense.

We review for an abuse of discretion a trial court's ruling regarding a motion to dismiss. *People v Manuel*, 319 Mich App at 291, 299; 901 NW2d 118 (2017). An abuse of discretion occurs when the trial court chooses a result that falls outside the range of principled outcomes. *People v Tackman*, 319 Mich App 460, 468; 901 NW2d 638 (2017). We review for clear error a trial court's findings of fact and review de novo the interpretation of statutes. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012).

We conclude that the trial court did not err by denying defendant's motion and precluding defendant from presenting a § 8 defense because defendant did not establish the existence of bona fide physician-patient relationships at the evidentiary hearing.

"[A] patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana," MCL 333.26428(a), provided that the defendant presents prima facie evidence of each element of the defense before trial, *People v Hartwick*, 498 Mich 192, 228; 870 NW2d 37 (2015); *People v Kolanek*, 491 Mich 382, 410-411; 817 NW2d 528 (2012). In addition, when the defendant is able to establish the elements of a § 8 defense by a preponderance of the evidence, *Hartwick*, 498 Mich at 228 n 69, and no material question of fact remains, the defendant is entitled to dismissal of the charges, *Kolanek*, 491 Mich at 412. See also MCL 333.26428(b). "Alternatively, if a defendant establishes a prima facie case for this affirmative defense by presenting evidence on all the elements listed in subsection (a) but material questions of fact exist, then dismissal of the charges is not appropriate and the defense must be submitted to the jury." *Kolanek*, 491 Mich at 412. "[I]f there are no material questions of fact and the defendant has not shown the elements listed in subsection (a), the defendant is not entitled to dismissal of the charges and the defendant cannot assert § 8(a) as a defense at trial." *Id*.

A defendant asserting § 8 as a defense must present evidence showing that

[a] physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition[.] [MCL 333.26428(a)(1).]

As the Supreme Court explained in *Hartwick*, the requirements of subsection (a)(1) can be reduced to three elements:

(1) The existence of a bona fide physician-patient relationship,

(2) in which the physician completes a full assessment of the patient's medical history and current medical condition, and

(3) from which results the physician's professional opinion that the patient has a debilitating medical condition and will likely benefit from the medical use of marijuana to treat the debilitating medical condition. [*Hartwick*, 498 Mich at 229.]

With respect to the first element of subsection (a)(1), the trial court determined on remand that defendant's proofs were insufficient to establish the existence of bona fide physician-patient relationships. MCL 333.26423(a) provides:

(a) "Bona fide physician-patient relationship" means a treatment or counseling relationship between a physician and patient in which all of the following are present:

(1) The physician has reviewed the patient's relevant medical records and completed a full assessment of the patient's medical history and current medical condition, including a relevant, in-person, medical evaluation of the patient.

(2) The physician has created and maintained records of the patient's condition in accord with medically accepted standards.

(3) The physician has a reasonable expectation that he or she will provide follow-up care to the patient to monitor the efficacy of the use of medical marihuana as a treatment of the patient's debilitating medical condition.

(4) If the patient has given permission, the physician has notified the patient's primary care physician of the patient's debilitating medical condition and certification for the medical use of marihuana to treat that condition.

Regina, Stefani, and defendant testified about their interactions with a Dr. Kattoo,[4] and defendant described Brevich's interaction with a different physician. Although the witnesses generally described a typical, in-person evaluation in a medical-office setting, only Regina indicated that her records were reviewed by the physician who certified her medical use of marijuana. Stefani testified that she was getting marijuana for epidural-induced back pain that would normally require narcotics, but she "didn't want to take a pill;" she explicitly stated "[n]o" when asked if Dr. Kattoo reviewed "any documents you brought with you." Although defendant testified that at his recent evaluation, Dr. Kattoo advised defendant that he had gained 20 pounds in the past year, which suggests that Dr. Kattoo may have reviewed some form of internal record, there is no indication that Dr. Kattoo ever reviewed the medical records relating to defendant's 2008 and 2010 injuries, for which he used marijuana. Likewise, Brevich had treated with his own physician, with the first name of "Namoon,"[5] "for other reasons," but there was no evidence that this physician had ever reviewed medical records relevant to the medical condition and

---

[4] Dr. Kattoo's first name is not apparent from the record.

[5] Dr. Namoon's last name is not apparent from the record.

symptoms for which Brevich was using medical marijuana. Thus, defendant did not present evidence to satisfy subsection 3(a)(1) with respect to himself and each of his patients, with the exception of Regina.[6]

A bona fide physician-patient relationship also requires that the physician "created and maintained records of the patient's condition in accord with medically accepted standards." MCL 333.26423(a)(2). Although the witnesses indicated that Dr. Kattoo took notes during their examinations, and defendant's testimony suggested that Dr. Kattoo and Brevich's physician maintained some sort of records relating to their treatment, the medical records were not presented at the evidentiary hearing. In the absence of the actual medical records or testimony from the physicians or their staffs, the trial court could not determine whether records were created and maintained in accord with medically-accepted standards. Accordingly, defendant failed to establish this aspect of a bona fide physician-patient relationship with respect to himself or any of his patients. Because the evidence presented at the evidentiary hearing was insufficient to establish the requirements of MCL 333.26423(a), the trial court did not err by finding that defendant failed to establish the existence of bona fide physician-patient relationships as required by § 8. As such, the trial court properly denied defendant's motion and precluded him from presenting a § 8 defense at trial. See *Hartwick*, 498 Mich at 232 ("A primary caregiver has the burden of establishing the elements of § 8(a)(1) for each patient to whom the primary caregiver is alleged to have unlawfully provided marijuana.")

Defendant argues that he was entitled to a second evidentiary hearing because the first hearing was held before the 2016 amendments of the MMMA were passed to clarify ambiguities relating to marijuana-infused products. A trial court's decision whether to hold an evidentiary hearing is generally reviewed for an abuse of discretion, which "occurs when the court chooses

---

[6] Relying on *Hartwick*, 498 Mich at 230 n 74, defendant argues that Stefani's medical-marijuana registration card constituted prima facie proof of the second requirement set forth in *Hartwick*, i.e., that the physician "complete[d] a full assessment of the patient's medical history and current medical condition ," *id*. at 229. The *Hartwick* Court opined that a registration card issued after April 1, 2013, would provide sufficient proof of this requirement because a physician's written certification issued after that date required that the physician complete a full, in-person assessment of the patient. *Id*. at 229 n 72, 230 n 74. The issue we are concerned with here, however, is the first requirement set forth in *Hartwick*, i.e., "[t]he existence of a bona fide physician-patient relationship[.]" *Id*. at 229. As noted, MCL 333.26423(a)(1) requires that the physician has "completed a full assessment of the patient's medical history and current medical condition" and *also* requires that the physician "has reviewed the patient's relevant medical records[.]" Defendant argues that a "full assessment" necessarily includes a review of records, but if this were the case, there would have been no need for the Legislature to include a separate clause about the review of "relevant medical records[.]" Here, the nature of the patients' ailments (epidural-induced pain for Stefani, a "PCL" tear and broken bones for defendant, and a broken bone and gunshot wounds for Brevich) were such that relevant medical records would exist, and in fact defendant makes no argument that they did not exist.

an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 282 (2008).

The trial court did not abuse its discretion by denying defendant's "renewed" motion without conducting a second evidentiary hearing. The trial court held an evidentiary hearing on June 16, 2016, during which defendant had a complete opportunity to present evidence in support of his § 8 defense. Defendant's contention that he is entitled to a second evidentiary hearing as a result of the 2016 amendments of the MMMA lacks merit. Regardless of the new provisions concerning marijuana-infused products, defendant is not entitled to assert a § 8 affirmative defense because he failed to establish an essential element of the defense—the patient's medical use of marijuana made in the context of a bona fide physician-patient relationship. See MCL 333.26428(a)(1).

Defendant, in his statement of questions presented for appeal, sets forth an additional question relating to the 2016 amendments of the MMMA, but defendant does not develop this issue in the body of his brief. As such, he has abandoned the issue. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). In addition, although the Supreme Court referred to these amendments in its opinion remanding the case to us, *Jaszczolt*, 501 Mich at 943-944, our order remanding the case to the trial court indicated that the court must address "any *necessary* conclusions" regarding the amendments. *People v Jaszczolt*, unpublished order of the Court of Appeals, entered January 25, 2018 (Docket No. 336131) (emphasis added). The court implicitly concluded that the issues surrounding those amendments were not pertinent in light of defendant's failure to establish required elements of a § 8 defense, and defendant has not established any error with respect to this conclusion.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan